IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLAH AKBAR BURMAN, #97337-079   :

      Petitioner           :

  v.                     :         CIVIL ACTION NO.  L-11-1155
                                    CRIMINAL NO. L-01-0115

UNITED STATES OF AMERICA    :

      Respondent       :

**MEMORANDUM**

Pending is Allah Akbar Burman's ("Burman") Motion filed pro se to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. ECF No. 580.[1]  The Motion will be dismissed without prejudice for lack of jurisdiction.

**BACKGROUND**

In the instant Motion, Burman attempts to challenge his "judgment of conviction" entered on January 29, 2003.  On that date a jury returned a verdict finding him guilty of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a) (1), and of conspiring to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. Judgment was entered on May 30, 2003, when Burman was sentenced to 360 months imprisonment, followed by 10 years of supervised release for the above stated offenses.[2] Burman's conviction was affirmed on appeal, but vacated and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).  See United States v. Burman, 151 F.App'x. 260 (4th Cir. 2005), cert. denied, 546 U.S. 1205 (2006).

---

1    This Motion is the second of two separate, although similar, § 2255 motions filed pro se by Burman on April 29, 2011.  ECF Nos. 579 and 580.  The first Motion was considered in United States v. Burman, Civil Action No. L-11-1154, and dismissed without prejudice for lack of jurisdiction.

2    Burman is mistaken; no judgment was entered on January 29, 2003.

Burman was re-sentenced on May 17, 2006, receiving an amended judgment of 360 months imprisonment for each conviction, to be served concurrently, followed by 10 years of supervised release. On May 24, 2006, Burman noted an appeal. The Fourth Circuit upheld Mr. Burman's conviction and affirmed his sentence of 360 months. See United States v. Burman, 225 F. App'x 198 (4th Cir. 2007).

On April 15, 2008, Burman filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, raising four claims: (1) insufficiency of the search and seizure warrant; (2) insufficiency of the arrest warrant; (3) insufficiency of the indictment; and (4) breach of contract. This Court found the claims procedurally defaulted and concluded that Burman had failed to show cause or prejudice to excuse default or a miscarriage of justice. On July 29, 2009, the Motion was denied. See Burman v. United States, Criminal No. L-01-115; Civil Action No. L-08-941 (D. Md).

## DISCUSSION

In this § 2255 Motion, Burman claims his conviction constitutes a miscarriage of justice. Specifically, he alleges: 1) the second superseding indictment failed "to inform of the nature and cause of an accusation"; 2) his conviction violated due process; 3) he was deprived of the right to appeal his conviction; and 4) his conviction was obtained by false and perjured testimony before the Grand Jury. ECF No. 550, Motion, pp. 5-6. He claims that these issues are being raised for the first time because he "had never been informed that two separate judgments were being entered against him" and he just became aware of the fact. Id., p. 6.

This Motion represents Burman's second or successive § 2255 Motion. Second or successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. See 28 U.S.C. §§2244(b) (3) (A) & 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-

98 (4th Cir. 1997) (en banc).  Since Burman does not indicate whether he has complied with the

procedural requirements for a second or successive § 2255 Motion, it will be dismissed without

prejudice for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, this

Court is required to issue or deny a Certificate of Appealability when it enters a final order

adverse to the applicant. A Certificate of Appealability is a "jurisdictional prerequisite" to an

appeal from the court's earlier order.  See  United States v. Hadden, 475 F.3d 652, 659 (4th Cir.

2007).  A Certificate of Appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c) (2).  Burman does not

satisfy this standard and a Certificate of Appealability shall be denied.  Denial of a Certificate of

Appealability, however, does not prevent a petitioner from seeking pre-filing authorization for a

successive motion under 28 U.S.C. § 2255.

## CONCLUSION

Burman must first obtain certification from the Fourth Circuit Court of Appeals to file a

successive § 2255 motion before this Motion may be considered.  Because he does not present

any such certification, this successive § 2255 motion will be dismissed without prejudice for lack

of jurisdiction. Petitioner has not made the requisite substantial showing of the denial of a

constitutional right as required by 28 U.S.C. § 2253(c) (1), and a Certificate of Appealability will

be denied by separate Order.

May 18, 2011                                                          /s/

_____
Benson Everett Legg
United States District Judge